UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER, #141306,

        Plaintiff,

                                          CASE NO. 2:21-CV-11447
v.                                      HONORABLE SEAN F. COX

MICHIGAN DEPT. OF CORRECTIONS/
FOOD SVS. DEPT., et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR
LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE
AND DISMISSING WITHOUT PREJUDICE HIS CIVIL RIGHTS COMPLAINT**

Michigan prisoner Jerry Vandiver ("Plaintiff"), currently confined at the G. Robert Cotton

Correctional Facility ("JCF) in Jackson, Michigan, has filed a pro se civil rights complaint pursuant

to 42 U.S.C. § 1983 and the Americans with Disabilities Act, as well as an application to proceed

without prepayment of the filing fee for this action.  In his complaint, Plaintiff states that he is an

insulin-dependent diabetic and that he also suffers from hepatitis C, hypertension, peripheral

vascular disease, and heart disease.  In Count 1, he alleges that he was passed over for a prison food

services job based upon his disability in 2019 and that such discrimination has continued to date.

In Count 2, he alleges that he was not provided sufficiently soft, cooked food as part of his

"mechanical soft 2 gram low sodium diabetic diet" in 2020 (he complained to officials in February,

August, and September, 2020), which caused swollen gums and pain due to his dental problems.

He names the Michigan Department of Corrections ("MDOC")/Food Service Department, the

JCF/Food Service Department, the MDOC Registered Dieticians Department, Registered Dietician

Pamela L. Sanders, Food Services Department Director Amy Coffelt, and MDOC Director Heidi

Washington as the defendants in this action and he seeks monetary damages.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil

action under certain circumstances.  The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section, if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires a federal court to dismiss a civil

case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more

previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or

malicious or failed to state a claim upon which relief may be granted.  *Id*.; *see also Dupree v.*

*Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district

court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in*

*forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court and acknowledges that he is a "three-striker"

who cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent

danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff, however, alleges that he is under

imminent danger due to his chronic medical conditions and the pain that he experiences when he has

to eat foods that are not sufficiently soft.  To fall within the exception to the three strikes rule, a

prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of

serious physical injury must exist at the time the complaint is filed.  *See Rittner v. Kinder*, 290 F.

App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).  An assertion of past danger is insufficient to invoke the exception, *id.*, as is an assertion of the potential for future harm.  *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing.").  Additionally, as the Sixth Circuit has recently clarified, the type of physical injury alleged by the plaintiff must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" under § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

Plaintiff fails to allege facts which show that he is under imminent danger of serious physical injury.  While he suffers from serious and chronic medical conditions, as the United States Court of Appeals for the Sixth Circuit has previously recognized, *see Vandiver v. Prison Health Svs.*, 727 F.3d 580 (6th Cir. 2013), he fails to show that he is under imminent danger of serious physical injury due to not being provided with sufficiently soft foods for certain meals as part of his diabetic diet. First, to the extent that Plaintiff was not provided with soft foods on and experienced pain on past occasions (e.g. in 2020), such matters involve past conduct and injuries which do not establish that he currently under imminent danger of serious physical injury.  *See, e.g., Rittner*, 290 F. App'x at 797-98.

Second, to the extent that Plaintiff asserts that he continues to not receive sufficiently soft foods for certain meals and experiences swollen gums and pain when he eats, such circumstances do not rise to the level of imminent danger of serious physical injury so as to justify an exception to the three strikes rule.  Such discomfort and pain are not life-threatening nor do they constitute severe bodily harm as envisioned by the Sixth Circuit in *Gresham*. 938 F.3d at 850 (finding that

alleged injuries of chest pain, restlessness, seizures, vomiting, stomach cramps, and dizziness arising

from medications were insufficient to meet the exception); *Settle v. Byrge*, No. 3:20-CV-00511,

2020 WL 4274195, *2 (M.D. Tenn. July 24, 2000) (citing *Gresham* and finding that chronic back

pain did not constitute an exception); *cf. Vandiver*, 727 F.3d at 587 (exception met where Plaintiff

faced impending amputation, as well as coma or death, due to the failure to provide medical

treatment).  Plaintiff does not allege that he currently does not have access to diabetic-safe foods or

that he is malnourished or that he is not receiving medical care for his chronic ailments.  He thus

fails to establish that he should be allowed to proceed without prepayment of the filing fee despite

the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a

claim upon which relief may be granted.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without

prepayment of the filing fee for this action and **DISMISSES** his civil rights complaint pursuant to

28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new civil rights complaint

with full payment of the $350.00 filing fee and the $52.00 administrative fee.  Any such complaint

will be reviewed to determine whether it should be served upon the defendants or summarily

dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss

a complaint brought against governmental entities, officers, and employees if the complaint is

"frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary

relief from a defendant who is immune from such relief."  Any such complaint must also comply

with Federal Rule of Civil Procedure Rule 8(a), which requires that a complaint set forth "a short

and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  This case is closed.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 22, 2021